**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**VONZELL JOHNSON, JR.
ADC # 91206**                                                                                                         **PETITIONER**

VS.                            NO. 5:07-CV-00137-WRW-BD

**MARK CASHION, Warden,**
Delta Regional Unit,
**Arkansas Department of Correction,** *et al.*                            **RESPONDENTS**

**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

1

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

**II.   Background:**

On June 6, 2007, Petitioner, a prisoner of the Arkansas Department of Correction ("ADC"), brought this pro se 28 U.S.C. § 2254 petition for writ of habeas corpus (#1). In his petition, Petitioner does not challenge his current confinement, but seeks removal of a Louisiana detainer. The original petition named only his current custodian as a respondent. Under Rule 2 of the Rules Governing § 2254 Cases, Petitioner amended his petition (#7) to add Charles C. Foti, Jr., the Attorney General of the State of Louisiana as a respondent. Pending is Respondent Cashion's[1] motion to dismiss or alternatively, motion to transfer. (#13)

**III.   Recommendation:**

A.   *Motion to Dismiss*

Respondent Cashion argues that the Court should dismiss the Petition because Petitioner failed to exhaust the remedies available in Louisiana to attack the detainer. Petitioner alleges that he has "diligently attempted" to exhaust his state administrative

---

[1] The Court is aware that Larry Norris, Director of the ADC and Petitioner's current custodian, is the proper respondent. However, for purposes of this order, the Court will refer to Mr. Cashion as the Respondent on behalf of the ADC.

remedies. Petitioner has attached eighteen exhibits (over thirty pages of documents) to his complaint exhibiting his efforts to exhaust his administrative remedies. Reading the petition in the light most favorable to Petitioner, Petitioner has affirmatively pled exhaustion. Accordingly, the Court recommends that Respondent's Motion to Dismiss for failure to exhaust be DENIED.

B.   *Motion to Transfer*

Alternatively, Respondent, with the agreement of the Louisiana Attorney General, asks the Court to transfer the case to the District Court in the Middle District of Louisiana. Respondent argues that because the Petitioner is challenging a Louisiana detainer deriving from a negotiated plea to charges brought within that state, the Court should transfer the Petition. Respondent suggests that the Middle District of Louisiana is appropriate because the Attorney General of Louisiana and the Louisiana Board of Probation and Parole, which issued the detainer, are located within that district. Petitioner argues that this Court is in the better position to decide his case because he is in custody in this District. Petitioner also argues that he has no "bona fide" conviction and "no pending court appearance" in the state of Louisiana that would merit a detainer.

Title 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Generally, "the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v.*

3

*Padilla*, 542 U.S. 426, 434 (2005) (quoting 28 U.S.C. § 2242). However, "the immediate physical custodian rule, by its terms, does not apply when a habeas petitioner challenges something other than his present physical confinement." *Id*. at 438.

The United States Supreme Court addressed this issue in *Braden v. 30th Judicial Circuit of Ky.*, 410 U.S. 484, 93 S.Ct. 1123 (1973). In *Braden*, a state prisoner incarcerated in Alabama on an Alabama conviction filed a habeas corpus petition in a Federal District Court in Kentucky. The petitioner did not contest the validity of his Alabama conviction in his habeas petition. Instead, he challenged a Kentucky indictment that caused a Kentucky detainer to be lodged against him in Alabama. *Id*. at 487. The detainer subjected him to future confinement in Kentucky. *Id*. at 494. The respondent argued that under 28 U.S.C. § 2241(a) the case had to be transferred to a District Court in Alabama since that was where petitioner's custodian was located. *Id*. at 494. However, the Supreme Court rejected that argument and held that in a case where the petitioner is not challenging his current confinement, the proper venue may not be the district where his custodian is found. *Id*. at 500. In determining the proper venue, the Court weighed the convenience of the parties and concluded that because a Kentucky court lodged the detainer and because witnesses and evidence related to the indictment were in Kentucky, the District in Kentucky provided the proper venue for the petition. *Id*.

In this case, the Court recommends that the interests of justice would best be served by transferring the case to the Middle District of Louisiana under 28 U.S.C. §

1404(a). Petitioner's habeas petition centers around whether there was a proper basis for Louisiana to issue the detainer. The Attorney General of Louisiana and the Louisiana Board of Probation and Parole, which issued the detainer, reside in the Middle District of Louisiana, and all documents and witnesses related to Petitioner's claim can be found there.

Accordingly, the Court recommends that the case be immediately transferred to the United States District Court for the Middle District of Louisiana, 777 Florida Street, Suite 139, Baton Rouge, Louisiana, 70801.

DATED this 17th day of September, 2007.

_____
UNITED STATES DISTRICT JUDGE